IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRANDI K.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-500**   (Fam. Ct. Lincoln Cnty. Case No. FC-22-2017-D-185)

**DAVID L.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Brandi K.[1] ("Mother") appeals the Family Court of Lincoln County's November 2, 2023, order that denied her request to be reimbursed by Respondent David L. ("Father") for certain expenses related to the care of the parties' minor children. Neither Father nor Respondent Bureau for Child Support Enforcement ("BCSE") participated in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for disposition in a memorandum decision. For the reasons set forth below, the family court's decision is reversed in part, vacated in part, and this case is remanded for further proceedings consistent with this decision.

The parties were married on December 29, 2007. The parties share four minor children. On June 11, 2019, the family court entered its Second Amended Bifurcated Divorce Order and Notice of Hearing on Outstanding Issues entered *nunc pro tunc* to March 23, 2018. Relevant to this appeal, that order contained the following provisions:

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is self-represented. On December 21, 2023, the BCSE, by counsel Mark L. French, Esq., moved to extend the time to file a response before this Court. On December 28, 2023, this Court entered an Amended Scheduling Order giving both the BCSE and Father until January 12, 2024, to file responses. Neither filed a response.

1

That [Mother] shall have the primary parenting responsibilities for the infant children of the parties and that [Father] shall have parenting time every weekend. Friday 6:00 p.m. until Sunday 6:00 p.m.

. . .

That both parties share major decision making with the children.

. . .

That the parties are required to maintain medical and hospitalization insurance for the child when the same is offered through their employer at a reasonable rate and when it is not so offered they are required to obtain State insurance, and that [Mother] is responsible for 0% and [Father] is responsible for 100% of any medical, dental, optical, pharmaceutical or orthodontic expense incurred on behalf of the child which are not covered by the parties insurance.

. . .

That each parent is required to consult with the other parent prior to any elective surgery being performed on the children, and in the event emergency medical procedures are undertaken for the children which require the parental consent of either parent if time permits, the other parent shall be consulted, or if time does not permit such consultation, the other parent shall be promptly informed of the emergency medical procedures: Provided, That nothing contained herein alters or amends the law of this state as it otherwise pertains to physicians or health care facilities obtaining parental consent prior to providing medical care or performing medical procedures.

By letter dated May 26, 2023, Mother requested that Father reimburse her $4,180.00 for O'Dell Orthodontics and $314.00 for Herman Eye Center for expenses spent on the children. She also requested Father to pay $156.00 to Marshall Dentistry and Oral Surgery and $5,480.00 to O'Dell Orthodontics for services for the children that had not yet been paid. She attached receipts or invoices for the charges.

On September 19, 2023, the family court held a hearing on Mother's letter regarding reimbursement. Both parties appeared *pro se*. An attorney from BCSE was also present. At the hearing, both parties were placed under oath and were questioned by the BCSE attorney. Mother testified that she already paid $4,494.00 of the expenses out of pocket including $4,180.00 for orthodontics for one child and $314.00 for routine eye care for another child. She went on to testify that there were $5,636.00 in unpaid expenses for the children including $156.00 in dental care for one child and $5,480.00 in orthodontic work

for another. She further testified that she notified Father of the expenses that she paid out of pocket and testified that insurance covered as much of the cost as was possible. Father testified that he received notification of the expenses but expressed concern that he was not consulted about the care prior to the children receiving the same.

At the conclusion of the hearing, the family court held from the bench that the parties' final divorce order required the parties to share in major decision making regarding the children and that major decisions include medical decisions. The family court reasoned that since Mother failed to discuss the orthodontic care with Father in advance, he did not have an opportunity to prepare himself for the expense. As the family court judge was announcing his ruling, Mother became disruptive and threatened to "file a complaint for a civil rights violation." She was eventually removed from the hearing by a bailiff. The family court held that since Father was not allowed to share in major decision making, and since the West Virginia Code requires parents to inform the other prior to elective surgery, Mother's request for reimbursement was denied and Father was not responsible for any of the expenses. The attorney for the BCSE objected on the record which was noted by the family court.

On November 2, 2023, the family court entered its Order Denying Medical Expense Reimbursement. In that order, the family court held that under the Second Amended Bifurcated Divorce Order, "both parties share major decision making" regarding the children, which includes medical decisions for the children. Since Father was not given input into the medical decision regarding the children, the family court reasoned that Mother's request for reimbursement should be denied. It is from this order that Mother appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother asserts four assignments of error. First, Mother argues that the family court "misconstrued" what the parties intended shared major decisions to mean in the Second Amended Bifurcated Divorce Order. Second, Mother argues that the family court erred when it found that Father was not put on notice of the medical and dental

expenses incurred by the children. Third, Mother argues that the family court erred when it held that elective procedures, as opposed to elective surgeries, require the consent of both parents. Finally, Mother argues that the family court's order was not based on the evidence presented at the hearing and did not follow the provision in the Second Amended Bifurcated Divorce Order regarding medical expenses. Due to the assignments of error being closely related, we consolidate them in our analysis below. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

Upon review of the record, we find that the family court abused its discretion by failing to individually analyze each of the expenses put forth by Mother. Instead, the family court found that orthodontics constituted a major decision that Father should have been consulted about prior to the children receiving the care. While it does appear some of the expenses were related to orthodontics, the $314.00 expense requested by Mother appears to have been incurred for routine eye care that was not the result of a major decision. Accordingly, the family court's order is reversed as to the $314.00 expense for routine eye care.

Turning now to the remaining expenses, while we generally review a family court appeal pursuant to the standards set forth above, such standards contemplate sufficient findings of fact and conclusions of law to facilitate a meaningful review. The Supreme Court of Appeals has said that to properly review an order of a family court,

> "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

In regard to the orthodontics expenses, the family court makes only conclusory statements and provides no analyses of how the orthodontic care received by the children constitutes a major decision or whether the care was non-elective and necessary for the children's health and welfare.[3] Likewise, the family court provides no analysis of why,

---

[3] West Virginia Code § 48-1-220 (2021) states:

4

even if Mother failed to consult with Father ahead of time, Mother should be solely financially responsible for the care the children received. *See generally* W. Va. Code § 48-12-102 (2007) (providing for equitable cost sharing of medical care of minor children); § 48-13-103 (2001) (purpose of child support statutes are to establish and equitably apportion costs associated with raising children); § 48-13-102 (2001) (provides that children have a right to share in parents' resources). Likewise, regarding the $156.00 expense for dental care, it is unclear from the record and the family court's order whether this expense was the result of a major decision or routine care. Accordingly, since the family court's order makes only conclusory statements and fails to indicate the factual and legal basis for the family court's conclusions on these issues, the family court's order on these issues is vacated and the matter is remanded to the family court for entry of a new order consistent with this decision with sufficient findings of fact and conclusions of law to facilitate a meaningful review of the issues presented and for the family court to conduct such further proceedings as the family court deems necessary.[4]

Wherefore, based on the foregoing, the November 2, 2023, order of the Family Court of Lincoln County is reversed, in part, vacated, in part, and remanded with instructions.

Reversed, in part, Vacated, in part,
and Remanded with Instructions.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

"Decision-making responsibility" refers to authority for making significant life decisions on behalf of a child, including, but not limited to, the child's education, spiritual guidance and health care: *Provided*, That with regard to healthcare, both parents in any shared parenting plan, regardless of the relative ratio of parenting time allocated between the parents, shall have the authority to make emergency or other non-elective healthcare decisions concerning their child necessary for the child's health or welfare during such parent's parenting time.

[4] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where the respondent fails to participate on appeal to support the order.